# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

**TONY DOOLIN**                                                                                   **PLAINTIFF**
Reg. No. 16878-029

v.                          Case No. 2:20-cv-111-LPR-BD

**USA**                                                                                         **DEFENDANT**

## ORDER

The Court has received a Partial Recommended Disposition ("Recommendation") (Doc. 25) from United States Magistrate Judge Beth Deere to deny Plaintiff Tony Doolin's Motion for Preliminary Injunction. (Doc. 12). Mr. Doolin has filed an Objection. (Doc. 26). After careful review of the Recommendation, Mr. Doolin's Objection, as well as a *de novo* review of the record, the Court agrees with Judge Deere's Recommendation and therefore DENIES Mr. Doolin's Motion for Preliminary Injunction. (Doc. 12).

## Background

Mr. Doolin, an inmate at Forrest City Federal Correction Camp, initiated this action on May 26, 2020. (Doc. 1). His Complaint states that he brings his case under the mandamus statute, codified at 28 U.S.C. § 1361, and the Federal Tort Claims Act ("FTCA"). (*Id.* at 1). He asks for redress for injuries resulting from falling from the top bunk of his prison cell on October 26, 2018. (*Id.* at 2). Mr. Doolin describes these injuries as including "a broken tooth, bruised rib, serious back strain . . . , and a contusion of the lower eye lid." (*Id.*). He asserts that he "has not received proper medical and dental care." (*Id.*). Mr. Doolin asks for a preliminary "injunction that will require the BOP . . . to send him to a dental facility to receive an operation that will place a 'cap' or 'crown' on his tooth" and an "MRI of his back and neck." (*Id.* at 4; Doc. 12 at 4).

Mr. Doolin attached to his Motion for Injunction a letter from Associate Warden R. Rosalez.  (Doc. 12 at 6-7).  This letter explained that Mr. Doolin had been treated four times and evaluated by a dentist five times regarding his dental concerns.  (*Id.*).  Mr. Doolin wanted a crown for his tooth, but the Chief Dental Officer determined that a crown was "not necessary to alleviate symptoms or to preserve the tooth."  (*Id.* at 7).  Mr. Doolin also attached prison medical records to his Complaint.  (Doc. 1).  These records show that he had been seen by prison medical staff at least three times regarding his neck and back pain after falling from his bunk.  (*Id.*).  On November 13, 2018 the prison medical staff ordered x-rays of his back and ribs and prescribed pain medication.  (*Id.* at 21).  His medical records also describe his neck and back pain as something that he reported as chronic for the last five years.  (*Id.* at 13).

In recommending a denial of Mr. Doolin's Motion, Judge Deere concludes that Mr. Doolin failed to show entitlement to such relief under the *Dataphase* standard.  (Doc. 25 at 2).  Judge Deere also notes that the FTCA only authorizes a remedy of monetary damages (not injunctive relief).  (Doc. 25 at 3).  Mr. Doolin has filed an Objection to the Recommendation.  (Doc. 26).  He argues that "he faces irreparable harm" such as losing his tooth, and "without diagnosis of his back or neck condition" he may lose mobility.  (*Id.* at 2).  He reports that between April 2, 2020 and October 1, 2020, he has not been seen by a dentist.  (*Id.* at 2-3).  On September 16 and 17, 2020, Mr. Doolin reported to the prison officers that he was experiencing pain.  (*Id.* at 3).  Mr. Doolin was told by a prison officer that the dentist on duty was called on his behalf and that the dentist said Mr. Doolin would be okay.  (*Id.*).  He adds that his face was swollen as a result of his dental pain.  (*Id.*).  On September 21, 2020, a prison doctor prescribed Amoxicillin to treat Mr. Doolin's tooth infection.  (*Id.* at 4).  Mr. Doolin's Objection asks for "injunctive relief under the Writ of Mandamus."  (*Id.*)

**Discussion**

To the extent that Mr. Doolin's Objection asks for mandamus, that relief is not appropriate here. Mandamus is an extraordinary remedy. *See La Buy v. Howes Leather Co.*, 352 U.S. 249, 256 (1957); *Kerr v. U. S. Dist. Court for N. Dist. of CA*, 426 U.S. 394, 403 (1976) ("A judicial readiness to issue the writ of mandamus in anything less than an extraordinary situation would run the real risk of defeating the very policies sought to be furthered by that judgment of Congress.") To receive relief through a mandamus action, a party must "have no other adequate means to attain the relief he desires" and must show that he has a right to mandamus that is "clear and indisputable." *Kerr*, 426 U.S. at 403 (citations omitted). Mr. Doolin has not met this standard because other adequate means exist to provide him relief. As Judge Deere observed, if Mr. Doolin prevails at trial, he may then obtain a monetary award. Accordingly, mandamus relief is not appropriate here.

To the extent that Mr. Doolin's Objection asks for preliminary injunctive relief separately from any mandamus relief, his request also fails. Injunctive relief is not appropriate under the FTCA. The FTCA specifically provides for monetary relief and does not authorize injunctive relief. 28 U.S.C. § 1346(b) ("[T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, *for money damages*, . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.") (emphasis added); *Hatahley v. United States*, 351 U.S. 173, 182 (1956) (a district court does not possess power under the FTCA to enjoin the United States).

In any event, even if preliminary injunctive relief were an option under some theory of liability or cause of action, Mr. Doolin has not shown that he is entitled to such preliminary relief.

The Eighth Circuit instructs that "[a] preliminary injunction is an extraordinary remedy." *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003).  A district court in deciding a motion for preliminary injunction must balance four factors: "(1) the likelihood of the movant's success on the merits; (2) the threat of irreparable harm to the movant in the absence of relief; (3) the balance between that harm and the harm that the relief would cause to the other litigants; and (4) the public interest."  *Id.* (citing to *Dataphase Sys., Inc. v. CL Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981).  Given the facts set forth above, Mr. Doolin is not likely to succeed on the merits of his claims.  Moreover, the potential harms that Mr. Doolin alleges can be compensated by monetary damages and thus are not truly irreparable.  Finally, at best for Mr. Doolin, the third factor (the balance of potential harms) is in equipoise, and the fourth factor (the public interest) is in equipoise as well.  Judges should not usurp the role of prison administrators; there are strong separation-of-powers interests that counsel non-intervention unless and until the conduct of the United States has been conclusively proven illegal or unconstitutional.  There will always be important exceptions to such a general rule, but this case is not one of them.

## Conclusion

The Court determines that the Recommendation should be, and hereby is, approved and adopted.  Mr. Doolin's Motion for Preliminary Injunction (Doc. 12) is DENIED.

IT IS SO ORDERED this 12th day of November 2020.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE